IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES HARDT AND MICHELLE HARDT, INDIVIDUALLY, AND AS NATURAL PARENTS AND NEXT FRIENDS OF L.H., A MINOR, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 3:21-CV-00780-M |
| v. | § § § | |
| THE LAMPLIGHTER SCHOOL, | § § | |
| *Defendant*. | § | |

# THE LAMPLIGHTER SCHOOL'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

The Lamplighter School ("Lamplighter") files this Reply ("Reply") in Support of Motion to Dismiss ("Motion") Plaintiffs James Hardt and Michelle Hardt's (collectively, "Plaintiffs") Original Complaint for Lack of Subject-Matter Jurisdiction and Failure to State a Claim ("Complaint"). In support thereof, Lamplighter respectfully shows the Court as follows:

## I.   INTRODUCTION

Plaintiffs' Response to Lamplighter's Motion does nothing to undermine Lamplighter's showing that the Complaint should be dismissed for lack of subject-matter jurisdiction and failure to state a claim. Recognizing their lack of standing and woefully deficient pleaded allegations, Plaintiffs largely devote their Response to arguing unpled (and similarly deficient) allegations in an attempt to avoid dismissal. But, for those reasons set forth below, and those further set forth in Lamplighter's moving brief, Plaintiffs' Complaint cannot survive Lamplighter's dismissal challenge and should be dismissed with prejudice.

## II.   ARGUMENT

### A. Plaintiffs' ADA and Negligence Claims Must Be Dismissed for Lack of Standing—Even if the "Deterrent Effect" Theory Is Applied.

Whether this Court utilizes the "intent to return" or "deterrent effect" theory to assess if Plaintiffs have standing to pursue their claims for injunctive relief, the conclusion reached is the same—*i.e.*, **Plaintiffs have not established standing to invoke federal jurisdiction and seek equitable relief because they do not plead any intent or desire to re-enroll the Child in Lamplighter**. Mot. at 4-5. Even under the "deterrent effect" theory, an ADA plaintiff must show that "the alleged ADA violations . . . threaten him with future injury." *See Strojnik v. Teof Hotel GP, LLC*, No. 3:19-cv-01336, 2020 WL 5211063, at *4 (N.D. Tex. Aug. 31, 2020) (Brown, J.) ("Strojnik I"); *see also White v. Friendswood Capital Corp.*, No. H-20-0496, 2020 WL 6150990, at *6 (S.D. Tex. Oct. 20, 2020) ("Because Plaintiff has failed to allege that the ADA violations in

question will negatively affect his day-to-day life, Plaintiff has not met his burden to show a likelihood of future injury necessary to obtain equitable relief."). This necessarily requires plausible allegations—absent here—of an intent to return. *See White*, 2020 WL 6150990, at *5 ("Plaintiff cannot be 'deterred' from returning to the Property unless he has some intent to patronize it in the future—and he has pleaded no such intent.").

Plaintiffs, as shown, offer no such allegations. To be sure, Plaintiffs spend the vast majority of their Complaint unjustifiably castigating Lamplighter and its educators and administrators. *See, e.g.*, Mot. at 7. As such, unsurprisingly, the relief they seek on their ADA claim pertains entirely to students other than the Child (*i.e.*, **currently enrolled** Lamplighter students)—presumably because the Child now attends a different school from which Plaintiffs have no intent to withdraw her attendance. Mot. at 2 n.1, 4. While Plaintiffs now claim in their Response that, "it is reasonably likely that Mr. and Mrs. Hardt would continue to patronize Lamplighter absent its refusal to provide reasonable accommodations," Resp. at 14, that allegation is pled nowhere in their Complaint and would still be insufficient to survive Lamplighter's dismissal challenge in any event. *See Strojnik I*, 2020 WL 5211063, at *4 ("[M]ere some day plans are insufficient" to demonstrate plausible intent to return.").

Plaintiffs incorrectly argue in their Response that *Strojnik I* is inapposite because it did not consider the "deterrent effect" method, Resp. at 15, and that the "'future injury' standing method . . . is inapplicable" under the deterrent effect theory, *id.* at n.79. Plaintiffs are wrong on both counts. As to the former, the Court expressly held that "[e]ven under the broader 'deterrent effect' analysis Strojnik seeks to apply, he still needs to prove that he would visit the hotel in the future" and that he did not do so because his "mere some day plans [were] insufficient." *Strojnik I*, 2020 WL 5211063, at *4. And, as to the latter, an ADA "plaintiff must still prove under the 'deterrent

effect' method that she has an intent to return . . . ." *See White*, 2020 WL 6150990, at *5 (internal citation and quotation marks omitted); *id.* at *6 ("Because Plaintiff has failed to allege that the ADA violation in question will negatively affect his day-to-day life, Plaintiff has not met his burden to show a likelihood of future injury necessary to obtain equitable relief."). Indeed, Plaintiffs' own cases cited in their Response establish their lack of standing. *See Doe v. Friends Central Sch. Corp.*, No. 18-3473, 2019 WL 2515977, at *6 (E.D. Pa. June 17, 2019) (finding lack of standing to pursue ADA claim where, although "the Complaint alleges past discriminatory conduct, it does not allege that the Does intend to enroll Delia at FCS in the future . . . .").[1]

For these same reasons, Plaintiffs' lack of standing extends to their parallel claim for negligence—which, as discussed in Lamplighter's moving brief, Mot. at 4 n.3, and further below, *infra* at 4-6, is premised on alleged duties under the ADA. *See Strojnik I*, 2020 WL 5211063, at *4 ("Strojnik's lack of standing extends to his negligence claim. The negligence claim is based on a duty created by the ADA to remove accessibility barriers. For the same reasons discussed above [with respect to his ADA claim], Strojnik's complaint does not establish standing to bring his negligence claim.").

---

[1] The cases Plaintiffs cite for the proposition that "courts routinely find that standing exists in cases in which students with disabilities suffered discrimination at private schools . . . ." are inapposite. Resp. at 15 n. 80. *United States v. Nobel Learning Communities* involved a lawsuit instituted by the federal government and the cited decision did not consider matters of standing. *See generally* 676 F. Supp. 2d 379 (E.D. Pa. 2009). *Doe ex rel. Doe v. Abington Friends School* addressed whether the defendant was exempt from Title III as a religious institution. No. Civ.A.-04-4647, 2005 WL 289929 (E.D. Pa. Feb. 4, 2005). In vacating the trial court's decision on appeal, the Third Circuit considered the same issue. *See Doe v. Abington Friends School*, 480 F.3d 252, 254 (3rd Cir. 2010) ("The District Court granted summary judgment for the defendants, ruling that the ADA's exemption for religious organizations applied to bar the Does' claim. It made this decision on the basis of a single affidavit . . . and before allowing the Does any discovery into the factual basis for applying the religious exemption. We . . . thus vacate and remand."). *Sky v. Haddonfield Friends School*, citing to *Doe*, similarly addressed the applicability of the ADA's religious organization exemption. No. 14-5730, 2016 WL 1260061, at *6-11 (D.N.J. March 31, 2016).

B. **Plaintiffs' ADA "Damages Claim" Must Be Dismissed Because Attorneys' Fees—Even if Potentially Recoverable to a Title III Plaintiff—Are Not "Damages."**

Plaintiff has no ADA cause of action for "damages." Mot. at 5-6. Monetary damages are not provided for in private suits under Title III of the ADA. *See, e.g.*, *Molina v. Volunteers of Am.*, No. 3:17-cv-882, 2019 WL 4169051. at *3 (N.D. Tex. Aug. 16, 2019), *adopted*, 2019 WL 4166914 (N.D. Tex. Sept. 3, 2019) (Lindsay, J.). In a misguided effort to stave off dismissal of their ADA "damages" claim, Plaintiffs argue that it must be maintained in-suit because they seek recovery of their attorneys' fees. While it is true that the Court has discretion to award the "prevailing party" attorneys' fees "as part of the costs" of "the action commenced," 42 U.S.C. § 2000a-3(b), and although "attorney's fees for the prosecution . . . of a claim may be compensatory in that they help make claimant whole," "**they are not, and have never been, damages**," *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013) (emphasis added).[2] Consequently, the mere fact that Plaintiffs seek attorneys' fees on their ADA claim does not render the "damages" claim a survivable one under the statute.

C. **Plaintiffs' Own Argument Continues to Demonstrate (Like Their Complaint) that Plaintiffs' So-Called Negligence Claim Is Duplicative of Their ADA Claim.[3]**

Try as they may in their Response, no contortion of Plaintiffs' Complaint can avoid the obvious truth that their claim for negligence is asserted to "remedy" Lamplighter's alleged non-compliance with the ADA. This is evident on even a cursory review of Plaintiff's Complaint. *Compare, e.g.,* Pls.' Compl. at ¶ 78 (setting forth, on ADA claim, how Lamplighter allegedly "discriminated against the Child because of her disabilities") *with id.* at ¶ 85 (setting forth, on

---

[2] Although *In re Nalle* considered Texas, not federal law, the State Supreme Court's determination is just as applicable to Plaintiffs' ADA claim. Indeed, were it otherwise, then courts in this District would not outright dismiss Title III claims for money damages asserted by ADA plaintiffs. Those cases do exist, however, and they are cited in Lamplighter's moving brief. *See* Mot. at 5-6 (citing cases).

[3] As demonstrated in Lamplighter's moving brief, Plaintiffs' negligence claim must also be dismissed because their allegations of "discrimination" are inconsistent, and do not align with, a claim for negligence. Mot. at 7-8.

negligence claim, these same grounds as Lamplighter's purported negligence—*i.e.*, how Lamplighter supposedly "breached [its] duties" to "address and accommodate the Child's learning disabilities"); *see also id.* at ¶ 87 (alleging negligence because Lamplighter did not act "as required by the ADA"). And it is further evident from even a basic reading of Plaintiff's Response. *See* Resp. at 17-18 (alleging that Lamplighter "did not accommodate the Child with appropriate classroom instruction to meet her needs," that Lamplighter "failed to make modifications to accommodate the Child's disabilities," and that the Child did not "receive the assistance she needed to effectively address her learning disabilities.").

As courts in this Circuit have held on similar facts, "nothing in [these] allegations states a plausible negligence claim under Texas law given that all of [Plaintiffs'] allegations are covered by the ADA . . . . [t]h[e] allegations do not support the existence of a duty outside that imposed by the ADA." *See Strojnik v. Landry's Inc.*, No. 4:19-cv-01170, 2019 WL 7461681, at *6 (S.D. Tex. Dec. 9, 2019), adopted, 2020 WL 42454 (S.D. Tex. Jan. 3, 2020) ("*Strojnik II*"); *cf. Zaragoza v. Dallas Cnty.*, No. 3:07-cv-1704, 2009 WL 2030436, at *11 (N.D. Tex. July 13, 2009) (Kinkeade, J.) ("Acts of negligence do not come within the ambit of the ADA"); *see also* Mot. at 6-7.

Plaintiffs' reliance on dicta in the out-of-Circuit *Sellers* case is misplaced. In that case, the Fourth Circuit found, *inter alia*, that plaintiffs could not establish a violation of Section 504 of the Rehabilitation Act—which requires proof that the complainant was "excluded from the employment or benefit *due to discrimination* solely on the basis of disability"—because, unlike Plaintiffs here, they "allege[d] no facts which would suggest the defendants discriminated." *Sellers v. The Sch. Bd. of the City of Manassas, Va.*, 141 F.3d 524, 529 (4th Cir. 1998) (emphasis in original, internal citation and quotation marks omitted). The same goes for Plaintiffs' reliance

on *D.A. v. Houston Independent School District*, where no claim for negligence was even alleged. *See generally* No. H-08-cv-2438, 716 F.Supp.2d 603 (S.D. Tex. Aug. 14, 2009).

    D. **Plaintiffs' Breach of Contract Claim Must Be Dismissed Because the Family Handbook Does Not Create Binding Legal Obligations on Lamplighter.**

As Lamplighter demonstrated in its moving brief, the Family Handbook sets forth certain "rules and regulations" that ***parents*** desiring to enroll their children in the school agree to abide by in executing that year's enrollment agreement (the "Enrollment Agreement"). *See* Mot., Ex A at 2-3 ("By executing this Agreement [*i.e.*, the Enrollment Agreement], the undersigned Parent(s)/Guardian(s) agree(s) to abide by the rules and regulations as may be adopted or amended from time to time and which are included in the Handbook for Students."). By its express terms, and as Plaintiffs acknowledged in executing the same, the Enrollment Agreement is the ***entire agreement*** between Lamplighter and Plaintiffs. *See id.* ("This Agreement [*i.e.*, the Enrollment Agreement] constitutes the entire agreement and understanding between the undersigned parties and may not be altered, amended, modified, or otherwise changed in any respect, except in writing and signed by the Head of School and the Parent(s)/Guardian(s) of the Student.").[4] For this reason, the cases Plaintiffs cite are inapplicable. Were Plaintiffs correct, then Lamplighter could, for example, potentially face contractual liability for dismissing a kindergarten student from school in the "south carpool" area instead of the "north carpool" area. *See id.* at 18 ("All Kindergarten . . . grade students not in carpool with Pre-K students dismiss from North Carpool"). That would, of course, be an absurd result.

---

[4] Plaintiffs' argument that Lamplighter is nevertheless in breach of the Enrollment Agreement in the event the Court agrees it is the "entire agreement" between the parties is a red-herring and must be disregarded. Preliminarily, Plaintiffs plead no claim for breach of the Enrollment Agreement in their Complaint. *See* Pls.' Compl. at ¶ 94. More significantly, however, and as shown, the Enrollment Agreement does not somehow bind Lamplighter to the rules and regulations contained in the Family Handbook that ***parents*** (***i.e., not Lamplighter***) agree to abide by through executing the Enrollment Agreement.

### E. Plaintiffs' Claims for Negligence and Breach of Contract Must Independently Be Dismissed for Failure to Plausibly Plead Damages.[5]

Plaintiffs' Response confirms that its negligence and breach of contract claims must be dismissed for the independent reason that they do not plausibly allege damages. Rather than demonstrate that such allegations were sufficiently pled, Plaintiffs instead offer the Court a hodgepodge of unpersuasive argument in an attempt to supplant their conclusory assertions of "injury" and inaccurately summarize case holdings. *Compare, e.g.*, Resp. at 19 n. 96 (representing holding of *Northstar Bunker N.V. v. Praxis Energy Agents LLC* as "denying motion to dismiss even though 'complaint fails to plead any actual damages that it suffered as a result of negligence'")[6] with *Northstar Bunker N.V. v. Praxis Energy Agents LLC*, No. 4:20-cv-01195, 2020 WL 7080576, at *2 (S.D. Tex. Dec. 3, 2020) (denying motion to dismiss after accepting as true counterclaim-plaintiff's allegations of "actual damages," despite counterclaim-defendant's argument otherwise).

The fact remains that Plaintiffs have not pled facts plausibly demonstrating any actual injury resulting from Lamplighter's alleged negligence and breach of contract. Plaintiffs' threadbare allegation that they "have been and continue to be harmed" as a result of the same does not suffice to state a claim. Mot. at 8, 10. This unremarkable proposition is well-established and fully supported by the case law Lamplighter cited in its moving brief—including decisions of this very Court.

---

[5] Additionally, as Lamplighter established in its Motion, Plaintiffs could not plausibly demonstrate any injury resulting from Lamplighter's alleged breach of contract (*i.e.*, failure to give "timely" notice of non-enrollment) even had they attempted to plead such allegations. Mot. at 10-11.

[6] Northstar argued that Venetiko's complaint "fail[ed] to plead any actual damages that it suffered as a result of negligence . . . ." *Id.* at *2. This was not a court finding and was disputed by Venetiko. *See id.* ("Venetiko disputes Northstar's position and motion to dismiss, asserting actual damages because the fuel purchased from Northstar was defective and damaged parts of the vessel.").

### III.   CONCLUSION & PRAYER

For the foregoing reasons, and those further stated in Lamplighter's moving brief, Lamplighter respectfully requests that the Court grant its Motion to Dismiss and dismiss Plaintiffs' Complaint with prejudice.

DATED: June 2, 2021                    Respectfully submitted,

                                                        */s/ Jared Eisenberg*
Jared Eisenberg
Texas Bar No. 24092382
jeisenberg@lynnllp.com
Michael K. Hurst
State Bar No. 10316310
mhurst@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

**ATTORNEYS FOR DEFENDANT
THE LAMPLIGHTER SCHOOL**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document was served *via ECF* on all counsel of record this 2nd day of June, 2021.

                                                        */s/ Jared Eisenberg*
                                                        Jared D. Eisenberg